# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JIMMY DEAN McCORMICK,** | )<br>) |
| Plaintiff, | ) Case No. 7:20CV00690<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **BRANDON TODD HALL,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | )<br>)<br>) |

*Brandon Todd Hall, Pro Se Plaintiff; Joseph Anthony Piasta, JOHNSON, AYERS & MATTHEWS PLC, Roanoke, Virginia, for Defendant.*

The plaintiff, Jimmy Dean McCormick, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, a sheriff's deputy, used excessive force against him during arrest. The defendant has filed a Motion for Summary Judgment, to which McCormick has responded.[*] McCormick has also filed a separate motion seeking a restraining order against the defendant. This motion, which the court has docketed as a Motion for a Temporary Restraining Order, must be denied.

The Amended Complaint concerns events that occurred on September 5, 2020. McCormick alleges that while he was driving, the defendant started chasing

---

[*] I will separately address this motion.

him. When he finally stopped his vehicle, the defendant and other officers forcefully pulled him out of it, pushed his face into the asphalt, hit him in the nose with the butt of a rifle, and otherwise used force against him that caused injuries. With the current motion, McCormick submits copies of photographs of his face, taken after he was arrested, booked into the local jail, showered, and "got the Gravel out of [his] face." Mot. TRO 1, ECF No. 24. Based on the photographs, McCormick states that he "want[s] a Re-straining order on" the defendant and the other officer involve [sic] and charge with perjury." *Id.*

As an initial matter, McCormick cannot use a § 1983 action to require the court or law enforcement authorities to bring perjury charges against anyone. First, the court does not initiate investigations or prosecutions, as such discretion does not reside in the judicial branch. The decision to prosecute, and what charges to bring, is a matter of the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Moreover, McCormick has no right to instigate criminal charges against anyone. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990). Thus, to the extent that McCormick seeks criminal prosecution of others, I must deny his motion.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*,

555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* Temporary restraining orders, the form of interlocutory relief that McCormick seeks, are issued even more rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.

McCormick has not stated facts showing that any type of interlocutory injunctive relief is warranted in his case. A temporary restraining order is inappropriate because the defendant has already responded to McCormick's allegations with a dispositive motion. Moreover, McCormick does not offer any evidence suggesting that he is currently in imminent danger of suffering any harm from the defendant. Certainly, the photographs taken shortly after the arrest over a year ago do not support a finding that he is currently in any danger, requiring court intervention to prevent future, irreparable harm. Indeed, McCormick does not indicate that he is currently confined under circumstances where he is at any risk of suffering any harm whatsoever at the hands of the defendant or the other officers involved in the arrest. Thus, he has not stated facts meeting the required factors under *Winter* so as to warrant the extraordinary form of relief he seeks.

For the stated reasons, it is **ORDERED** that the motion seeking interlocutory injunctive relief, ECF No. 24, is DENIED.

-4-

       ENTER:   December 29, 2021

       /s/  JAMES P. JONES
       Senior United States District Judge