IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JIMMY DEAN McCORMICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20cv00690 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRANDON T. HALL, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

Plaintiff Jimmy Dean McCormick ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, claiming that the defendant, Buchanan County Sheriff's Deputy Brandon T. Hall ("Deputy Hall"), used excessive force against him during a traffic stop in Buchanan County, Virginia. The matter is currently before the court on Deputy Hall's motion for summary judgment (ECF No. 20). After review of the record, the court concludes that Deputy Hall's motion must be denied.

## I.   BACKGROUND

The dispute arises out of a traffic stop which occurred in Buchanan County, Virginia, on the night of September 4–5, 2020. So far as the court is aware, the traffic stop was not recorded (by a body camera or otherwise),[1] and the parties offer markedly different accounts of what occurred.

---

[1] Plaintiff requested all body camera footage and the magistrate judge entered an order directing their production (*see* ECF Nos. 18 & 19), but no response to that order is reflected on the docket, and Deputy Hall did not file any such video as an exhibit to his motion for summary judgment. Notably, in his request, Plaintiff appears to concede that no such videos exist ("I would like to put the officers on a lie dector test for evidence why no footage . . . ." [*sic* throughout]).

### A. Plaintiff's Version of the Events

In his verified complaint, Plaintiff contends that he did not violate any law and that there was no reason for an officer to initiate a traffic stop of his vehicle. (Am. Compl. pgs. 2–3 [ECF No. 11].)

While driving near Poplar Creek Park in Buchanan County, Virginia, Plaintiff states that he was startled by an unknown SUV chasing him and, fearing for his life, proceeded to a more populated area before stopping his vehicle. (*Id.* at 3.) Although the officers apparently contend his driving was erratic and suggested he was intoxicated, he specifically denies that he was intoxicated and states that he was not driving in a way that would have indicated to law enforcement that he was.[2] (Pl.'s Resp. in Opp'n to Answer to Am. Compl. 4 [ECF No. 23].) When he stopped his vehicle, Plaintiff claims that he did not resist arrest but that the arresting officers, including Deputy Hall, used excessive force in effectuating the arrest. (Am. Compl. 2–3) Specifically, Plaintiff alleges that Deputy Hall and another officer slammed him to the ground and kneed him in the back of the head. *Id.* Plaintiff maintains that he did not resist arrest, nor did he attempt to seize a firearm from any arresting officer. (Pl.'s Resp. to Mot. for Summ. J. 1 [ECF No. 26].)

### B. Deputy Hall's Version of Events

---

[2] Ordinarily, a party may not rely solely on allegations in his complaint to defeat a motion for summary judgment. *See e.g., DePaola v. Ray*, No. 7:12cv00139, 2013 WL 6055253, at *2 (W.D. Va. Nov. 15, 2013). But a *pro se* litigant's verified complaint is considered an affidavit and may defeat a motion for summary judgment when the assertions in the verified complaint are based on personal knowledge and relate to a dispute of material fact. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Here, the allegations in McCormick's verified complaint are sufficient to create a genuine issue of material fact and therefore defeat summary judgment. The court includes facts asserted in McCormick's briefs, which are not entitled to the same deference as those in the verified complaint, only to the extent that they contextualize the incident.

Deputy Hall agrees that he responded to a traffic stop involving Plaintiff on the night in question. (Aff. of Brandon T. Hall ¶¶ 2–3, Dec. 1, 2021 [ECF No. 20-2].) But he contends that he joined a pursuit already in progress, stating that he had been notified by other law enforcement officers that Plaintiff would not stop or respond to the commands of law enforcement after failing to stop at a stop sign. (*Id.* ¶ 2.) Deputy Hall states that he observed Plaintiff's erratic driving personally and believed that Plaintiff was intoxicated. (*Id.* ¶ 3.) According to Deputy Hall, when Plaintiff finally stopped for law enforcement, he refused to exit the vehicle and resisted attempts to remove him from the car and place him under arrest. (*Id.* ¶ 4.) Deputy Hall concedes that he (and others) used force in arresting Plaintiff, but contends that he used only that force which was necessary given that Plaintiff resisted arrest and attempted to seize an officer's weapon. (*Id.* ¶ 4–5.) Deputy Hall denies that he found or removed any valuable items from Plaintiff other than drugs and paraphernalia during his arrest or incidental search. (*Id.* ¶ 7.)

## II.  STANDARD OF REVIEW

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, Plaintiff must "must set forth specific facts showing that there is a genuine [factual] issue for trial" on which the jury could find in his favor. *Id.* at 248.

The court's summary judgment inquiry is whether the evidence, taken in the light most favorable to the nonmoving party, "presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014). A *pro se* litigant's verified complaint or other verified submissions must be considered as affidavits and may defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

### III. ANALYSIS

#### A. Genuine Dispute of Material Fact

Plaintiff alleges that Deputy Hall and other unnamed officers used excessive force against him during his arrest. Finding genuine issues of material fact, the court will deny Deputy Hall's motion for summary judgment.

The "Fourth Amendment prohibition on unreasonable seizures bars police officers from using excessive force to seize a free citizen." *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). What constitutes excessive force depends heavily on the facts and circumstances of each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Id.* at 527. The operative question in determining whether the force utilized was "excessive" is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented under the circumstances. *Id.* Notably, the officer's conduct is not judged with the "20/20 vision of hindsight," because officers are often called on "to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

When viewed in the light most favorable to Plaintiff, the facts presented in the record show a genuine dispute of material fact regarding whether Deputy Hall used excessive force in effectuating the arrest. Plaintiff claims he was not resisting arrest and that he did not attempt to seize a weapon from an arresting officer. *If* that is true, Hall would not have been justified in using the degree of force alleged in Plaintiff's complaint, especially considering that Plaintiff was stopped for running a stop sign. (*See* Hall Aff. ¶ 2.) Of course, it is certainly possible that Plaintiff did, in fact, resist arrest and did reach for an officer's weapon, as Deputy Hall alleges. Under those circumstances, Hall's use of force may very well have been justified. But because the two accounts directly contradict each other, there is a genuine dispute of material fact that can't be resolved on summary judgment. Ultimately, it is for the jury to decide whom to believe.

### B. Qualified Immunity

In his motion for summary judgment, Deputy Hall asserts that, regardless of any possible § 1983 violation, he is immune from suit under the doctrine of qualified immunity. Because Plaintiff has pleaded a plausible violation of a right clearly established at the time of the incident, Hall is not entitled to qualified immunity at this stage.

State officers are entitled to qualified immunity only when their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "To establish a qualified-immunity defense, a public official must demonstrate that (1) a plaintiff has not alleged or shown facts that make out a violation of a constitutional right, or that (2) the right at issue was not clearly

established at the time of its alleged violation." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 395-96 (4th Cir. 2014) (cleaned up).

Plaintiff satisfies the first prong of the qualified immunity analysis. Accepting Plaintiff's version of events as true, he has established a violation of a constitutional right. As noted, the Fourth Amendment's prohibition on unreasonable seizures proscribes law enforcement officials from using excessive force to seize a free citizen. *Jones*, 325 F.3d at 527. If Plaintiff was not resisting arrest and made no attempt to combat officers, then the force he alleges the officers used would be objectively unreasonable under the circumstances.

Plaintiff also passes the second prong of the qualified immunity analysis. Even if an alleged violation of a constitutional right occurred, that right must have been clearly established at the time of the violation. "The proper focus of this inquiry is not upon the right at its most abstract or general level, but at the level of its application to the specific conduct being challenged." *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994). Under longstanding Supreme Court and Fourth Circuit precedent, it is a violation of clearly established law to employ excessive force in conducting an arrest. *See, e.g.*, *Betton v. Belue*, 942 F.3d 184, 191 (4th Cir. 2019) ("The Fourth Amendment prohibits law enforcement officers from using excessive or unreasonable force in the course of making an arrest or otherwise seizing a person." (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989))); *Raiche v. Pietroski*, 623 F.3d 30, 39 (1st Cir. 2010) (holding that officers used excessive force by tackling a parked motorcyclist who was not fleeing or resisting arrest); *Gulley v. Elizabeth City Police Dep't*, 340 F. App'x 108, 109 (3rd Cir. 2009) (noting that it is clearly established that "beating an unarmed suspect, multiple times on the face and head while he is lying down and not resisting arrest[,] constitutes excessive force");

*Valladares v. Cordero*, 552 F.3d 384, 390–91 (4th Cir. 2009) (concluding that shoving the plaintiff's face into a car after the plaintiff had surrendered was not a reasonable amount of force and affirming district court's denial of qualified immunity); *Wysong v. City of Heath*, 260 F. App'x 848, 856 (6th Cir. 2008) ("[T]he right to be free from physical force when one is not resisting police is a clearly established right."); *Jones v. Chapman*, No. , 2017 WL 2472220, at *34 (D. Md. June 7, 2017) ("Ms. Servance stated that the BPD officers continued to beat Mr. West when he was not resisting and even after he collapsed. Such use of gratuitous force, if proven, is unlawful."); *Geba v. Norris*, No. 2:14cv612, 2016 WL 8730898, at *6 (E.D. Va. Apr. 4, 2016) ("Tackling a stationary individual, who is not resisting arrest or attempting to flee, constitutes excessive force in violation of the Fourth Amendment."). If Plaintiff's allegations are true, Deputy Hall simply is not entitled to qualified immunity.[3]

Because Plaintiff has pled a plausible violation of a right clearly established at the time of his arrest, Hall is not protected by qualified immunity at this stage.

## C. *Heck v. Humphrey*

Deputy Hall also argues in his motion for summary judgment that he must prevail as a matter of law in light of *Heck v. Humphrey*. 512 U.S. 477 (1994). But his application of *Heck* to this situation is incorrect; *Heck* does not bar plaintiff's § 1983 claim in this instance.

"*Heck v. Humphrey* bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply that the plaintiff's earlier conviction was invalid." *Riddick*

---

[3] Insofar as the parameters of what constitutes "excessive force" during a traffic stop where the suspect *may* have been fleeing and *may* have resisted arrest and *may* have grabbed for an officer's gun are necessary to determine the specific right at issue, the fact finder will have to make the determination of what occurred, which also precludes summary judgment on qualified-immunity grounds at this stage. *Accord Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995) (finding summary judgment not proper when resolution of qualified immunity question and claim itself both depend on determining what happened).

*v. Lott*, 202 F. App'x 615, 616 (4th Cir. 2006). Here, there is no indication from the record that successful prosecution of Plaintiff's claim would invalidate his underlying conviction for eluding the police. Appropriately construed, Plaintiff's complaint is for excessive force *during* his arrest, not the arrest itself. A finding that the Deputy Hall used excessive force during Plaintiff's arrest in no way implies that his underlying arrest or conviction is invalid. There is no logical nexus between the alleged brutality of the officer and Plaintiff's convictions resulting from his alleged flight. *Heck* therefore does not bar Plaintiff's § 1983 claim.

## IV. CONCLUSION

For the reasons stated above, the court concludes that Deputy Hall's motion for summary judgment must be denied. The differing accounts offered by the parties in the pleadings create a genuine issue of material fact to be resolved by a jury. Deputy Hall is not entitled to qualified immunity because Plaintiff has plausibly asserted a violation of a constitutional right that was clearly established at the time of his arrest. Further, as it regards *Heck*, Plaintiff's potential success on his claim would not imply the invalidity of any underlying conviction. Therefore, the court will deny Deputy Hall's Motion for Summary Judgment.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 8th day of September, 2022.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE